UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

REZA TATUM,

       Petitioner,

v.                                          Case Number: 08-CV-10988

HUGH WOLFENBARGER,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITIONER'S
PETITION FOR WRIT OF HABEAS CORPUS**

On March 13, 2008, Petitioner Reza Tatum, a state inmate, currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction and sentence for second-degree home invasion, Mich. Comp. Laws § 750.110a(3). Because Petitioner fails to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a), the court will dismiss the petition for lack of jurisdiction.

**I. BACKGROUND**

Petitioner's conviction arises from an incident in which he entered the home of Melanie Sims, the complainant in the case and with whom he had formerly been involved sexually. Andrea Evans, a witness and neighbor, testified that she lived across the street from Ms. Sims and observed Petitioner, on the day in question, looking around outside Sims' home and later entering Sims' residence through a side door. According to Ms. Evans, she called Ms. Sims' cousin to report the incident. India Clark

testified that she received a call from Ms. Sims on that same day, asking her to check on Ms. Sims' house because she had received information that Petitioner had broken into it. Ms. Clark testified that she then went to the front door of Ms. Sims' residence to see if it was open and observed Petitioner in the home. She testified that she then saw him leaving through a back window. Ms. Sims later discovered that some items and some cash were missing from the home. She denied giving Petitioner a key or permission to enter her home. Later, law enforcement arrested Petitioner and charged him with one count of second-degree home invasion.

On June 22, 2006, a jury convicted Petitioner of second-degree home invasion based on the testimony above ("June 2006 Conviction"). On July 13, 2006, the trial court sentenced Petitioner to three years of probation, with the first year to be served in the county jail. The court also granted Petitioner work-release privileges.

In September 2006, Petitioner violated his probation by committing new crimes. These involved the assault of two individuals. Following a bench trial, a court convicted Petitioner of (1) felonious assault, Mich. Comp. Laws § 750.82, (2) felon in possession of a firearm, Mich. Comp. Laws § 750.224F, (3) assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, and (4) felony firearm, Mich. Comp. Laws § 750.227BA ("September 2006 Conviction").

On July 25, 2007, Petitioner was discharged from his probation, without improvement. This marked the expiration of his sentence for his June 2005 Conviction. That same day, he was sentenced as a habitual offender for his more recent conviction: (1) two-and-one-half-to-six-years imprisonment for felonious assault, (2) three-years-eleven-months-to-seven-and-one-half-years imprisonment for felon in possession, (3)

seven-and-one-half-to-fifteen-years imprisonment for the assault with intent to do great bodily harm less than murder, and (4) the mandatory two-years imprisonment for felony firearm.  Petitioner is currently serving a sentence only for his latter conviction.

Petitioner filed a claim of appeal for his June 2006 Conviction with the Michigan Court of Appeals, raising the following claims:

> I.  Did the trial judge's insistence that [Petitioner] appear before his jury in jail clothing at the beginning of his trial constitute the denial of the due process and/or equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution?
>
> II. Was [Petitioner] denied the effective assistance of trial counsel where counsel stated that he was not prepared for trial and repeatedly asked the court to have another lawyer represent [Petitioner]?
>
> III. Did the trial court err when it failed to rule on [Petitioner's] objection to the assessment of ten points for offense variable 13 which objection, if sustained, would reduce the high end of the minimum sentence range from seventeen months to eleven months?

The Michigan Court of Appeals affirmed Petitioner's conviction and sentence on October 4, 2007.  *People v. Tatum*, No. 272249, 2007 WL 2891522 (Mich. Ct. App. Oct. 4, 2007).  Petitioner subsequently filed an application for leave to appeal that decision with the Michigan Supreme Court, which was denied on January 8, 2008.  *People v. Tatum*, 743 N.W.2d 46 (Mich. 2008).

On March 7, 2008, Petitioner filed this habeas action, challenging only his conviction and sentence for second-degree home invasion.  Petitioner, attaching his

3

Michigan Court of Appeals' brief to the petition, appears to raise the same claims in his habeas petition that he raised in his appeal to the Michigan Court of Appeals.

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this court's habeas corpus review of state-court decisions and states in pertinent part:

> (A) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).  Pursuant to this requirement, the court finds that Petitioner's writ for habeas corpus should be dismissed because Petitioner fails to satisfy the "in custody" requirement, and therefore the court lacks jurisdiction over his petition.

A federal district court has jurisdiction to entertain petitions for habeas corpus relief only from petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The Supreme Court has interpreted the "in custody" language to require that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  However, for purposes of the habeas corpus statute, a petitioner need only be "in custody" at the time the petition is filed.  *Spencer v. Kemma*, 523 U.S. 1, 7 (1998).

After a petitioner's sentence for a conviction has fully expired, a petitioner may not directly challenge the conviction because the petitioner is no longer "in custody" pursuant to that conviction.  *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394,

403-04 (2001); *Stevenson v. Summers*, 258 F.3d 520, 523-24 (6th Cir. 2001).  Neither can a petitioner challenge a conviction for which he is no longer in custody in order to indirectly attack a sentence for which he is in custody and which was enhanced by the first conviction.  *Lackawanna*, 532 U.S. at 403-04; *Smith v. United States*, 262 F.3d 537, 540-43 (6th Cir. 2001).  However, three exceptions exist to this rule which would allow a petitioner to nonetheless challenge a conviction for which he is not in custody: (1) the petitioner's prior conviction was obtained in violation of his Sixth Amendment right to have counsel appointed to represent him; (2) the petitioner was without fault in failing to obtain timely review of a constitutional claim, i.e., the state courts refused to rule on a properly presented constitutional claim; or (3) the petitioner obtains compelling evidence that he is actually innocent of the crime after the period of time for direct or collateral review has expired.  *Lackawanna*, 532 U.S. at 404-06; *Stevenson*, 258 F.3d at 524-25.

Petitioner may not directly attack his June 2006 Conviction for second-degree home invasion through the instant petition because he is no longer "in custody" pursuant to the June 2006 Conviction.  *See Lackawanna*, 532 U.S. at 403-04.  Petitioner's sentence for that conviction expired when Petitioner was discharged on July 25, 2007, just prior to his sentencing for the September 2006 Conviction.  In his brief, Petitioner does not in any way challenge the September 2006 Conviction he is currently serving.  He challenges only his June 2006 Conviction and the sentence which has already fully expired; he is not serving the sentences for these two different convictions consecutively.  Furthermore, Petitioner cannot use his June 2006 Conviction to indirectly challenge his sentence for the September 2006 Conviction.  *See id.*  Finally,

5

none of the exceptions to the "in custody" rule apply in Petitioner's case.[1]  *See id.* Because Petitioner's sentence for his June 2006 Conviction has fully expired, Petitioner is no longer "in custody" so as to give the court jurisdiction to rule on his case for § 2254 purposes.  Accordingly, the court will dismiss Petitioner's habeas action for lack of jurisdiction.

### IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's petition for a writ of habeas corpus [Dkt. # 1] is DISMISSED for lack of jurisdiction.

> s/Robert H. Cleland
> ROBERT H. CLELAND
> UNITED STATES DISTRICT JUDGE

Dated:  January 28, 2009


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 28, 2009, by electronic and/or ordinary mail.

> s/Lisa G. Wagner
> Case Manager and Deputy Clerk
> (313) 234-5522

---

[1] While Petitioner does allege ineffective assistance of counsel, he must in fact never have been appointed counsel in order for the first exception to apply. *Lackawanna*, 532 U.S. at 404-05.  Such is not the case here.